UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLENCORE LTD. and VITERRA B.V. (f/k/a GLENCORE GRAIN B.V.),<br><br>Plaintiffs,<br><br>v.<br><br>LOUIS DREYFUS COMPANY B.V. (f/k/a LOUIS DREYFUS COMMODITIES B.V.), ALLENBERG COTTON CO., LOUIS DREYFUS COMPANY HOLDING INC. (f/k/a LDC HOLDING INC.), TERM COMMODITIES INC., LOUIS DREYFUS COMPANY LLC (f/k/a LOUIS DREYFUS COMMODITIES LLC), and JOSEPH NICOSIA,<br><br>Defendants. | Case No. 1:23-cv-11125 |

**STIPULATED PROTECTIVE ORDER**

WHEREAS, Plaintiffs and Defendants (hereinafter referred to collectively as "Parties" or any one individually as a "Party"), through their undersigned counsel of record, anticipate that discovery in this action (the "Action") is likely to involve the disclosure of confidential or sensitive commercial, financial, and/or business information; and

WHEREAS, the Parties desire to protect such confidential or sensitive commercial, financial, and/or business information through the use of a Protective Order;

It is hereby ORDERED as follows:

**A.   Scope**

1.   This Protective Order shall govern the use and handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, electronically stored information, testimony and any other information produced, given, or exchanged by and among the Parties and any non-parties to the Action in connection with discovery in the Action, whether produced or

1

supplied pursuant to a formal discovery request or subpoena, a request made at deposition, or any other formal or informal means (such information hereinafter referred to as "Discovery Material"). This Protective Order shall also govern the filing of certain information under seal and certain other matters in connection with this Action. All Parties to this Action and their attorneys, as well as non-party participants, shall comply with the terms and procedures set forth below with respect to Discovery Material. Notwithstanding anything else contained herein, nothing in this Protective Order shall in any way limit the right of a producing or supplying party (hereinafter "Producing Party") to make whatever use it deems appropriate of its own documents.

2. All Discovery Material produced in the Action shall be used only for the purposes of prosecuting or defending the Action and shall not be disclosed to any person except in accordance with the terms hereof. The attorneys of record for the Parties and all other persons receiving Discovery Material governed by the Protective Order shall take all reasonable steps to ensure that the Discovery Material governed by the Protective Order is (i) used only for the purposes specified herein, and (ii) disclosed only to authorized persons under the Protective Order. In particular, Discovery Material may not be used for any government, business, or any purpose other than the prosecution or defense of this Action.

3. Under this Protective Order, any Producing Party shall have the right to identify and designate Discovery Material as "Confidential" when the Producing Party in good faith believes it contains proprietary, confidential, private, or commercially sensitive information; other confidential research, development, or commercial information as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G); or any other information whose public disclosure would be detrimental to the conduct of that party's business, the business of that party's affiliates, or the

business of customers or clients of that party or affiliates, whether embodied in documents, physical objects, or factual knowledge of persons.

4. Any Producing Party may designate Discovery Material as "Highly Confidential" when the Producing Party in good faith believes it contains particularly commercially sensitive or private information including, but not limited to, material that contains non-public proprietary information; confidential product pricing information or terms of buy-sell agreements; trade secrets, intellectual property, or other similarly sensitive competitive information; transaction data, financial statements, and tax documents; business strategies, designs, negotiations, plans, customer lists, and confidential contractual arrangements; or any other information whose public disclosure would be particularly detrimental to the conduct of that party's business, the business of that party's affiliates, or the business of customers or clients of that party or affiliates, whether embodied in documents, physical objects, or factual knowledge of persons.

5. A non-party who is obligated to provide discovery in this Action by deposition, production of documents, or otherwise shall be afforded the protections of this Protective Order upon signing the declaration attached hereto as Exhibit A. By signing such declaration, the non-party also agrees to be bound by the terms of the Protective Order. After the Court enters the Protective Order, a copy of this Protective Order shall be served along with any subpoena served in connection with the Action.

6. Any documents designated Confidential or Highly Confidential that are filed with the Court in this Action by the Producing Party shall no longer be deemed Confidential or Highly Confidential unless the Producing Party filing the documents has filed such information under seal pursuant to the procedures provided herein; except that inadvertent filing of such materials shall not act as a waiver of either Confidential or Highly Confidential status.

B.     **Designation of Confidentiality**

1. A Producing Party shall, if appropriate, designate Discovery Material as "Confidential" or "Highly Confidential" by stamping or labeling each page of the Discovery Material, in a manner which will not interfere with its legibility, the words "CONFIDENTIAL UNDER PROTECTIVE ORDER" (or "CONFIDENTIAL/PROTECTED" if space is limited), or "HIGHLY CONFIDENTIAL UNDER PROTECTIVE ORDER" (or "HIGHLY CONFIDENTIAL" if space is limited).

2. For Discovery Material that cannot be designated in the manner described in paragraph B(1) above, the Parties or any third party may designate such Discovery Material as Confidential or Highly Confidential by stamping or labeling the Discovery Material itself or the exterior of the container(s)/media in or on which the Discovery Material is stored with the legend that appears in paragraph B(1) above.

3. The designation of Discovery Material as Confidential or Highly Confidential shall be made prior to, or contemporaneously with, the production or disclosure of that Discovery Material. Notwithstanding the foregoing, the failure to designate a document as Confidential or Highly Confidential shall not constitute a waiver of such claim, and a Producing Party may so designate a document thereafter by providing written notice to all other Parties together with properly designated copies of said document, with the effect that such document is thereafter subject to the protections of this Order.

4. Portions of depositions shall be deemed Confidential or Highly Confidential only if they are designated as such when the deposition is taken or are so designated within forty-five (45) days after receipt of the transcript(s) by counsel for a Party or the deponent, except that all information disclosed in a deposition shall be treated as Confidential until at least forty-five (45)

days after the transcript(s) of said deposition is actually received by counsel for such Party or the deponent to provide an opportunity for making the Confidential or Highly Confidential designation permitted herein. Notwithstanding the foregoing, the failure to designate a transcript or a portion thereof as Confidential or Highly Confidential does not constitute a waiver of such claim, and a Producing Party may so designate a transcript or a portion thereof after the initial forty-five (45) business-day confidentiality period provided for herein, with the effect that such portions of the transcript are thereafter subject to the protections of this Order. The Parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

5.    If any depositions are videotaped or digitally recorded, those portions of the videotape or recording corresponding to portions of the deposition transcript designated as Confidential or Highly Confidential shall be afforded the same protection.

**C.    Disclosure of Confidential Information**

1.    Absent consent of the Producing Party, Discovery Material designated Confidential pursuant to this Protective Order and/or any information derived therefrom shall only be disclosed or made available by counsel for the Party receiving such Discovery Material to the following persons:

   a.   counsel for the Parties to this Action, including in-house counsel; outside counsel, including partners and associates; and legal assistants, secretaries, staff, agents, contractors, or service vendors of such counsel (including outside copying services and outside litigation support services such as translators and interpreters);

   b.   the Parties to the Action, which means individual parties and current officers, directors, employees, and agents of a Party, or parent or affiliate of a Party, to whom it is necessary that Discovery Material designated as Confidential under this Protective Order be shown in connection with the preparation and trial of this Action;

c.     former officers, directors, employees, and agents of a Party, or parent or affiliate of a Party, to whom it is necessary that Discovery Material designated as Confidential under this Protective Order be shown in connection with the preparation and trial of this Action; provided, however, that prior to any such person receiving any Discovery Material designated as Confidential, the person shall be provided with a copy of this Protective Order and shall execute a copy of EXHIBIT A – ACKNOWLEDGEMENT AND DECLARATION OF COMPLIANCE;

d.     outside consultants, investigators, and experts (hereinafter collectively referred to as "Experts") retained by the Parties to assist in the preparation and trial of this Action; provided, however, that prior to any Expert receiving any Discovery Material designated as Confidential, the Expert shall be provided with a copy of this Protective Order and shall execute a copy of EXHIBIT A – ACKNOWLEDGEMENT AND DECLARATION OF COMPLIANCE;

e.     the Producing Party or any person identified in such materials as the author, sender, addressee, or copy recipient of the Confidential information; provided that prior to such disclosure to any of the foregoing other than the Producing Party, the person to whom the Confidential information is to be disclosed shall be provided with a copy of this Protective Order and shall execute a copy of EXHIBIT A – ACKNOWLEDGEMENT AND DECLARATION OF COMPLIANCE;

f.     anticipated and actual deponents, trial witnesses, and hearing witnesses in this Action, and their counsel, to whom it is necessary that the Discovery Material designated as Confidential under this Protective Order be shown in connection with the examination; provided, however, that prior to such disclosure any such witness shall be provided with a copy of this Protective Order and shall execute a copy of EXHIBIT A – ACKNOWLEDGEMENT AND DECLARATION OF COMPLIANCE;

g.     any third-party mediator, settlement judge, or arbitrator selected by the parties or designated by the Court; provided, however, that prior to such disclosure the person to whom the Confidential information is to be disclosed shall be provided with a copy of this Protective Order and shall execute a copy of EXHIBIT A – ACKNOWLEDGEMENT AND DECLARATION OF COMPLIANCE;

h.     the insurer for any Party and its attorneys (including administrative and other office employees); provided, however, that prior to such disclosure the person to whom the Confidential information is to be disclosed shall be provided with a copy of this Protective Order and shall execute a copy of

|   |   |   |
|---|---|---|
|   |   | EXHIBIT A – ACKNOWLEDGEMENT AND DECLARATION OF COMPLIANCE; |
|   | i. | the Court and the Clerk of Court and any of their respective staff and administrative personnel, and the Court reporters, stenographers employed to take depositions, and any essential personnel retained by the Court; and |
|   | j. | any other person only upon order of the Court or upon stipulation of the designating party. |

**D.** **Disclosure of Highly Confidential Information**

1. Absent consent of the Producing Party, Discovery Material designated Highly Confidential pursuant to this Protective Order and/or any information derived therefrom shall only be disclosed or made available by counsel for the Party receiving such Discovery Material to the following persons:

|   |   |   |
|---|---|---|
|   | a. | counsel for the Parties to this Action, including in-house counsel; outside counsel, including partners and associates; and legal assistants, secretaries, staff, agents, contractors, or service vendors of such counsel (including outside copying services and outside litigation support services such as translators and interpreters); |
|   | b. | Experts retained by the Parties to assist in the preparation and trial of this Action; provided, however, that prior to any Expert receiving any Discovery Material designated as Highly Confidential, the Expert shall be provided with a copy of this Protective Order and shall execute a copy of EXHIBIT A – ACKNOWLEDGEMENT AND DECLARATION OF COMPLIANCE; |
|   | c. | the Producing Party or any person identified in such materials as the author, sender, addressee, or copy recipient of the Highly Confidential information; provided that prior to such disclosure to any of the foregoing other than the Producing Party, the person to whom the Highly Confidential information is to be disclosed shall be provided with a copy of this Protective Order and shall execute a copy of EXHIBIT A – ACKNOWLEDGEMENT AND DECLARATION OF COMPLIANCE; |
|   | d. | any third-party mediator, settlement judge, or arbitrator selected by the parties or designated by the Court; provided, however, that prior to such disclosure the person to whom the Highly Confidential information is to be disclosed shall be provided with a copy of this Protective Order and shall |

    execute a copy of EXHIBIT A – ACKNOWLEDGEMENT AND DECLARATION OF COMPLIANCE;

e.  the insurer for any Party and its attorneys (including administrative and other office employees); provided, however, that prior to such disclosure the person to whom the Highly Confidential information is to be disclosed shall be provided with a copy of this Protective Order and shall execute a copy of EXHIBIT A – ACKNOWLEDGEMENT AND DECLARATION OF COMPLIANCE;

f.  the Court and the Clerk of Court and any of their respective staff and administrative personnel, and the Court reporters, stenographers employed to take depositions, and any essential personnel retained by the Court; and

g.  any other person only upon order of the Court or upon stipulation of the designating party.

**E.**   **<u>Restrictions and Procedures Regarding Confidential or Highly Confidential Information</u>**

1. Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and distribution of information designated Confidential or Highly Confidential.

2. Except as provided in paragraphs C(1)(a-g) and D(1)(a-g) above, counsel for the Parties shall keep all documents designated as Confidential or Highly Confidential which are received under this Protective Order secure within their possession and shall take reasonable efforts to place such documents in a secure area. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of Discovery Material designated as Confidential or Highly Confidential under this Protective Order or any portion thereof, shall be immediately affixed with the words "CONFIDENTIAL UNDER PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL UNDER PROTECTIVE ORDER" if those words do not already appear.

3.      If Confidential or Highly Confidential information is to be discussed or disclosed during a deposition, any Party shall have the right to exclude from attendance at the deposition, during the time the Confidential or Highly Confidential information is to be discussed, any person or entity not entitled under this Protective Order to receive such Confidential or Highly Confidential information.

4.      To the extent that any materials subject to this Protective Order (or any pleading, motion, memorandum, affidavit, or other papers referring to them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses Confidential or Highly Confidential information, shall be filed under seal in conformity with paragraphs 6.C and 6.D of the Court's Individual Practices, which require leave of Court before filing any document under seal.  Requests to file under seal shall also include the requesting party's proposed redactions.  If leave to file under seal is granted, the filing party shall file both the under-seal materials and a public, redacted copy via ECF which removes any and all references to the Confidential or Highly Confidential information.

5.      No Discovery Material designated as Confidential or Highly Confidential shall be made public at a hearing or at trial absent an application, which may be oral, to the Court for a ruling or an agreement of the Producing Party permitting such disclosure.  Any Party intending to use at a hearing any Discovery Material designated Confidential or Highly Confidential by another party shall give advance written notice to the Producing Party so that the Parties may discuss in advance of the hearing proposed procedures for handling such Discovery Material.  In the event the Court declines to rule on an application to clear the courtroom or otherwise to preserve the confidentiality of such documents, or in the event that the Court rules against such an application, the Parties will confer to determine procedures for handling such Discovery Material.

6. In the event any Discovery Material designated as Confidential or Highly Confidential is disclosed to any person not authorized by this Protective Order to receive the Discovery Material, the party responsible for this disclosure must immediately, in writing, bring all pertinent facts relating to such disclosure to the attention of all parties whose Confidential or Highly Confidential Discovery Material was disclosed and seek to prevent the further disclosure of such Discovery Material. The identification under this section of a party to whom disclosure was made shall not constitute a waiver of attorney work product or attorney-client privileges.

7. In the event disclosure of any Discovery Material designated as Confidential or Highly Confidential is sought from anyone subject to this Protective Order pursuant to a lawful subpoena or other legal process, such person or entity shall, upon receipt of such request, object to disclosure on the ground of this Protective Order, and notify the Producing Party within three business days and provide a copy of the subpoena or process and the date set for production, if specified. The Producing Party may then seek to prevent disclosure by filing a motion for protective order or to take other appropriate action within a reasonable time, under the circumstances, but in any event prior to the date set for production, and the Confidential or Highly Confidential Discovery Material shall not be disclosed until resolution of any objections or challenge to the subpoena or process.

8. A Producing Party may redact or withhold non-commercial information that is personal and private information of an individual from Discovery Material, including but not limited to Social Security numbers, passport numbers, information protected under the Health Insurance Portability and Accountability Act (HIPAA), and information protected under any applicable domestic or foreign privacy statute. The Producing Party shall identify the categories of information withheld and the reason for the redaction or withholding.

9. The Parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all Parties, and any violation of its terms shall be subject to the same sanctions and penalties as if this Protective Order had been entered by the Court.  The Parties may not disclose any Confidential or Highly Confidential material to any party joined as an additional party to the Action unless and until such additional party has agreed in writing to be bound by the terms of this Protective Order.

10. Nothing contained in this Protective Order shall be construed to have any effect on the admissibility of any Confidential Information or Highly Confidential Information.

**F.** **Expert- and Consultant-Related Discovery**

1. The provisions of Federal Rule of Civil Procedure 26(b)(3) and (4) with respect to the protection of draft expert reports and communications between a party's attorney(s) and the party's expert(s) shall apply to the extent they are not inconsistent with the terms of this Order.

2. Except as provided in paragraph F(5) of this Order, communications and information exchanged by, between, and/or among any of the following shall not be the subject of discovery: (i) counsel for the parties; (ii) the parties (including, without limitation, current or former employees of any party or of any corporate affiliate of any party); (iii) any testifying experts; (iv) any non-testifying experts or consultants; and/or (v) any person working at the direction of any testifying experts, any non-testifying experts, or any consultants.

3. No discovery can be taken from any non-testifying expert or consultant, or from the staff of any testifying expert, non-testifying expert, or consultant.

4. Testifying experts shall not be subject to discovery with respect to any notes, drafts (including but not limited to draft expert reports), outlines, calculations, or other type of work

created by, for, or on behalf of any experts and/or consultants and/or any person working at the direction of any experts and/or consultants.

5.	Discovery of materials provided to testifying experts shall be limited to (i) information, documents, data, or assumptions relied upon by the testifying expert as a basis for his or her opinions expressed in final reports, declarations, or other testimony in this Action, and (ii) information relating to compensation for a testifying expert's study or testimony.

G.	**Challenging Designation of Confidentiality**

1.	If any Party disputes whether any Discovery Material is properly designated as Confidential or Highly Confidential, the Parties agree to attempt to resolve such dispute among them.  The Party who disputes the designation shall provide written notice of its objection to the Producing Party, including identification of challenged documents by production number and the reason(s) for the objection.  The Producing Party shall then respond in writing within twenty (20) days with its reason(s) for designation.  The Parties will then confer, at a time and in a manner mutually agreeable, and make reasonable efforts to resolve their differences.  In the event the Parties are not able to resolve the dispute, the designation of confidentiality may be challenged upon motion.  The burden of persuasion in any such challenge proceeding is on the Party asserting such confidentiality.  However, a Party shall not be obligated to challenge the propriety of a designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto, except that the failure to challenge the propriety of a designation of Discovery Material prior to the final pretrial conference shall preclude any subsequent challenge.

H.	**Inadvertent or Unintentional Disclosure**

1.	If a party inadvertently produces or provides Discovery Material that contains any Confidential or Highly Confidential information without designating it Confidential or Highly

Confidential as provided in this Protective Order, it may give written notice to the receiving Party that the Discovery Material is Confidential or Highly Confidential and should be treated in accordance with the provisions of this Protective Order. As soon as the receiving Party receives such notice, the Confidential or Highly Confidential information must be treated as if it had been timely designated under this Protective Order, and the receiving Party must in good faith retrieve copies of the Discovery Material which it distributed or disclosed to persons not authorized to access such Confidential or Highly Confidential information, as well as retrieve copies made by all such persons, and must inform all such persons that the Confidential or Highly Confidential information is so designated and is subject to this Protective Order; provided, however, that the receiving Party will not be found to have violated this Order for any good-faith use of the Discovery Material that occurred prior to the time that the Discovery Material was designated as Confidential or Highly Confidential. If the receiving Party becomes aware during the review of any unmarked Discovery Material that such Discovery Material clearly contains Confidential or Highly Confidential information, the receiving Party must immediately notify the Producing Party and sequester the Discovery Material until the Producing Party has had a reasonable opportunity to respond. Counsel for the Producing Party is responsible for providing substitute copies of Confidential or Highly Confidential Discovery Material marked in accordance with this Protective Order, and counsel for the receiving Party must return or confirm in writing the destruction of unmarked copies upon receipt of any such substitute copies.

2. In the event that the receiving Party believes that Discovery Material produced by the Producing Party contains the receiving Party's own Confidential or Highly Confidential information, such Party may request that the Producing Party include the respective designations for such materials, in which case the Producing Party shall so designate all copies of the materials.

Any challenges to such designations shall follow the procedures outlined in paragraph G(1) and shall in all respects be considered as if the designating party had produced the material in the first instance with the designation.

   3. All copies of any Discovery Material that contains privileged information, including attorney-client privileged information or attorney work product, shall be immediately returned if the Discovery Material appears on its face to have been inadvertently produced or if there is notice of the inadvertent production.  The receiving Party's treatment of such material shall otherwise be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).  Such inadvertent or mistaken disclosure of such Discovery Material shall not, by itself, constitute a waiver by the Producing Party of any claims of privilege or work-product immunity.  However, nothing herein restricts the right of the receiving Party to challenge the Producing Party's claim of privilege, if appropriate, within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

**I.** **Return of Confidential Material at Conclusion of Litigation**

   1. Within sixty (60) days of the conclusion of this Action and any appeal thereof, all material designated as Confidential or Highly Confidential under this Protective Order and not received in evidence (other than material subject to work-product protection) shall be destroyed or returned to the Producing Party, at the option of the receiving party.  Counsel for the Parties may preserve work product and privileged documents, and one hard copy and one electronic copy of each pleading, Court submission, expert report, correspondence, and deposition transcript in their permanent files, even though such documents may reflect or contain Confidential or Highly Confidential information.  Counsel of record for each Party shall make written confirmations of compliance herewith and shall deliver the same to counsel for the Producing Parties not more than

ninety (90) days after final termination of this Action, along with executed copies of EXHIBIT A – ACKNOWLEDGEMENT AND DECLARATION OF COMPLIANCE obtained by such counsel. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the Action, including any appeals.

**J.      Court Retains Jurisdiction**

1. After the conclusion of this Action, the provisions of this Protective Order shall continue to be binding and this Court shall retain jurisdiction over all persons who have access to Confidential or Highly Confidential Discovery Material produced pursuant to this Protective Order for the purpose of enforcement of this Protective Order, including any appropriate sanctions for violations.

Dated: May 23, 2024

                              **SO ORDERED:**

*Jennifer E. Willis*
_____
JENNIFER E. WILLIS
UNITED STATES MAGISTRATE JUDGE

## EXHIBIT A

### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLENCORE LTD. and VITERRA B.V. (f/k/a GLENCORE GRAIN B.V.),<br><br>Plaintiffs,<br><br>v.<br><br>LOUIS DREYFUS COMPANY B.V. (f/k/a LOUIS DREYFUS COMMODITIES B.V.), ALLENBERG COTTON CO., LOUIS DREYFUS COMPANY HOLDING INC. (f/k/a LDC HOLDING INC.), TERM COMMODITIES INC., LOUIS DREYFUS COMPANY LLC (f/k/a LOUIS DREYFUS COMMODITIES LLC), and JOSEPH NICOSIA,<br><br>Defendants. | Case No. 1:23-cv-11125 |

### ACKNOWLEDGEMENT AND DECLARATION OF COMPLIANCE

I hereby acknowledge that I have been given a copy of this Protective Order dated _____, 2024 in the above-captioned case; that I have read the Protective Order; and that I agree to be bound by it. I further understand and agree that I shall not disclose Confidential or Highly Confidential information or documents to others, except in accordance with the Protective Order. I further understand and agree that my obligation to honor the confidentiality of such Confidential or Highly Confidential information or documents will continue even after the termination of this litigation. I further understand and agree that, in the event that I violate the terms of the Protective Order, I will be subject to sanctions, including but not limited to sanctions by way of contempt of court. I further understand and agree to submit myself to the personal jurisdiction of this Court for matters pertaining to this acknowledgement and declaration.

(If executed within the United States, its territories, possessions, or commonwealths) I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _____ day of _____, ____, at _____ by

_____     Signed: _____.

(If executed outside of the United States) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this _____ day of _____, ____, at _____ by

_____     Signed: _____.