

March 24, 2025

**Orrick, Herrington & Sutcliffe LLP**
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000

orrick.com

**VIA ECF**

The Honorable Andrew L. Carter, Jr.
U.S. District Judge for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Peter A. Bicks**

E  pbicks@orrick.com
D  +1 212 506 3742
F  +1 212 506 5151

Re:   *In re: Term Commodities Cotton Futures Litigation, Case*, No. 12-cv-5126
      *Glencore Ltd. et ano. v. Louis Dreyfus Company B.V. et al*, No. 23-cv-11125
      <u>Status Report Reply</u>

Dear Judge Carter:

On behalf of Defendants, we write to reply to Plaintiffs' letters and to provide a brief update to the Court on developments occurring after Defendants' status report was filed. As an initial matter, it is telling that Plaintiffs sidestep the substantive issues raised by the new evidence obtained in the Glencore Action, which became available only because Glencore, after actively monitoring and participating in the Class Action for more than a decade, decided to opt-out in 2023 to pursue its own copycat lawsuit rather than be represented by the very individual it had fired in 2011 for mismanaging its cotton futures positions. To our knowledge, this particular fact pattern is unprecedented: the sole class representative is purporting to represent the Class based on personal trading when his contemporaneous trading decisions as Glencore's former head cotton trader, already determined by the expert regulators at ICE to be "irresponsible," will be the focus of trial in both the Class Action and the Glencore Action. These are not just related cases; they are the same case in two different procedural postures; in the first, with Glencore's former head cotton trader Mark Allen as class representative; in the second, with Glencore itself as plaintiff, but each based on Allen's trading decisions and the exact same factual allegations. To cabin discovery as Plaintiffs propose—not on relevance or burden grounds (because there are none) but solely on supposed delays—would amount to "head in the sand" adjudication that can only lead to manifest injustice.

The truth is that discovery from the Glencore Action shows, at minimum, that Allen testified falsely at his Class deposition. The proof is before the Court in black and white—and the matters previewed in Defendants' letter are the tip of the iceberg. Plaintiffs in the Glencore Action and the Class Action not only offer no substantive defense of Mark Allen's dishonest deposition testimony, conflicts of interest, and other misconduct—all of which should disqualify him from serving as class representative— but do not even explain why Defendants should be prevented from making a motion to allow the Court to view the evidence and consider the question. Instead, Plaintiffs seek to erect artificial barriers to the truth. In their telling, because Allen successfully hid

the extent of his misconduct and conflicts of interest over the course of the Class Action, the Court should not even entertain a motion to decertify the Class. This argument is unavailing.

To start, the general preference in favor of "decid[ing] [cases] on the merits rather than on procedural defects," *Bertuglia v. City of New York*, 133 F. Supp. 3d 608, 616 (S.D.N.Y. 2015), applies with particular force in the context of class certification, because "the due process clause … requires that the named plaintiff *at all times* adequately represent the interests of the absent class members." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) (emphasis added). If the Court does not fully vet Allen's conflicts at this juncture, class members dissatisfied by an eventual verdict in Defendants' favor could raise these very same conflicts *after* trial to avoid being bound by an adverse judgment. *See Mazzei v. Money Store*, 829 F.3d 260, 266 (2d Cir. 2016) (affirming decertification order issued after a jury verdict). Given the tremendous inefficiencies and waste of both judicial and party resources likely to result from deferring resolution of this issue, the most efficient way to proceed is for the parties to brief and the Court to resolve a motion to disqualify Allen and decertify the case now, lest these issues resurface later.

Plaintiffs also complain that Defendants' status letter does not comprehensively lay out all the evidence and arguments that will ultimately entitle Defendants to its requested relief. *E.g.*, Glencore Ltr. at 1-2. This misunderstands Defendants' letter, which provides a preview of the issues and requests a conference to discuss a briefing schedule in light of these developments. As for Plaintiffs' suggestions that Defendants' request is unprecedented, that is wrong—sharing discovery among related cases is commonplace, as Defendants' letter previews.[1] But Plaintiffs' arguments (inadvertently) reinforce what is truly unprecedented here. This case is about events in 2011, when the class representative in the Class Action was Glencore's head cotton trader and caused Glencore staggering losses. Because of his unique overlapping roles, Mark Allen—and his credibility—is at the center of both cases. But the Glencore and Class Plaintiffs are each seeking to selectively shield themselves from whatever Allen evidence they feel undermines their respective cases. Allen and Glencore must have always known what was in Glencore's internal documents involving Allen—but Defendants did not. In the Class Action, Allen tried to wall off his conduct at Glencore from his personal trading at issue in the Class Action—and to do so, testified falsely to hide his conflicts of interest. It is hardly Defendants' fault that Glencore's opt-out case years later pulled back the curtain to what Allen and Glencore had known all along.

Rather than arbitrarily sealing off discovery in the two cases and allowing each set of Plaintiffs to cherry-pick their evidence, Defendants maintain that the universe of discovery should be common to both actions—as Defendants told Magistrate Judge Willis months ago.[2] *See* Nov. 20, 2024 Hearing Tr. at 79:3-80:7. Despite Class Plaintiffs' repeated protests, this does not

---

[1] For example, *Charter Oak Fire Ins. Co. v. Electrolux Home Prods., Inc.*, 287 F.R.D. 130 (E.D.N.Y. 2012), collects decisions from courts across the country on the importance of streamlining discovery between related cases. Glencore's focus on the specific facts of *Charter Oak*, Glencore Ltr. at 2, does not diminish the force of the entire body of law on which it relied.

[2] Glencore Plaintiffs protest weakly that they "have never had access to the complete discovery record in the Class Action" and blame Defendants for not producing it to them. Glencore Ltr. 2. Defendants agreed to Glencore's motion to modify the Class Action protective order to facilitate Glencore's access to whatever Class Action discovery it thought necessary. Defendants have provided every document Glencore has ever requested.

2

prejudge the ways in which a party may *use* a given piece of discovery under the Rules of Evidence and other relevant considerations; moreover, the principal issue now is not whether documents can be used at trial, but whether *the Court* may consider them when assessing Allen's fitness to serve as class representative. It is also important to note that producing Glencore discovery in the Class Action is not a one-sided victory for Defendants: Plaintiffs are certain to argue that certain internal Glencore documents *support* their positions—a fact that makes Allen's failure to seek such documents in discovery in the Class Action hard to justify as in the interest of the Class he represents. As for Class Counsel's protestations that they were not given notice or an opportunity to participate in depositions, *e.g*., Class Lt. at 2, Class Counsel was well aware that discovery was proceeding in the Glencore Action, that it would necessarily involve issues related to Allen, and yet Class Counsel chose not to be involved. Defendants could not and did not know *in advance* that documents produced by Glencore and testimony offered by Glencore personnel in the Glencore Action would reveal Allen's deposition testimony from the Class Action to be false.

Plaintiffs are left with an unsupported narrative of dilatory delay. While fact discovery in the Glencore Action was set to close in October, a number of discovery disputes remained pending at that time—including Defendants' motion asking the Court to issue an international letter of request to facilitate Allen's deposition in Australia (a necessary procedure because both the Glencore and Class Plaintiffs refused to make Allen available to Defendants for deposition). *See* Glencore Action Dkt. 69 (summarizing pending discovery disputes). Judge Willis heard argument on the pending motions on November 20, 2024. Defendants can hardly be faulted for waiting to see how those motions would be resolved—and particularly whether Allen would be deposed in the Glencore Action—before raising decertification to this Court. This approach was especially warranted because the Class Action has been dormant while the Court considers Class Counsel's motion to reconsider the Court's order granting Defendants' motion to issue a narrow subpoena on ICE Futures U.S.[3] As time passed and no ruling on the Glencore Action discovery disputes was forthcoming, Defendants chose to raise the decertification issue to the Court in the interest of moving both cases forward. And there has been no prejudice whatsoever to any party from Defendants raising this issue in March 2025 rather than November 2024.

As it happens, Judge Willis issued her decision on the pending discovery motions on March 19, 2025, just two days after Defendants filed their status update. Glencore Action Dkt. 89. And Judge Willis has now issued the necessary international letter of request to put in motion the process for Defendants to depose Allen in the Glencore Action. Glencore Action Dkt. 91. Time will tell whether Allen's deposition in the Glencore Action sheds any further light on his adequacy as class representative in this case.

In sum, Defendants respectfully reiterate their request for a joint status conference in the Class Action and Glencore Action to discuss next steps in these related cases.

---

[3] Given that the Class Action has been delayed *a year* due to Class Counsel's motion for reconsideration, they should not be heard to complain about the time it may take to resolve Defendants' motion to ensure continued compliance with Rule 23.

Respectfully,

Peter A. Bicks
Orrick, Herrington, & Sutcliffe
*Counsel for Defendants*