UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLENCORE LTD. and VITERRA B.V. (f/k/a GLENCORE GRAIN B.V.),<br><br>Plaintiffs,<br><br>v.<br><br>LOUIS DREYFUS COMPANY B.V. (f/k/a LOUIS DREYFUS COMMODITIES B.V.), ALLENBERG COTTON CO., LOUIS DREYFUS COMPANY HOLDING INC. (f/k/a LDC HOLDING INC.), TERM COMMODITIES INC., LOUIS DREYFUS COMPANY LLC (f/k/a LOUIS DREYFUS COMMODITIES LLC), and JOSEPH NICOSIA,<br><br>Defendants. | Case No. 1:23-cv-11125 |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION
TO STRIKE OR DISREGARD SPECIFIC PORTIONS OF DEFENDANTS'
(1) REPLY AND OBJECTIONS TO PLAINTIFFS' RESPONSE TO
DEFENDANTS' LOCAL RULE 56.1 STATEMENT (ECF NO. 159) AND
(2) REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE OPINIONS
<u>AND TESTIMONY OF GLEN DONALDSON, PHD (ECF NO. 156)</u>**

Eliot Lauer
Jacques Semmelman
Julia B. Mosse
Nathaniel Ament-Stone
KATTEN MUCHIN ROSENMAN LLP
50 Rockefeller Plaza
New York, New York 10020
(212) 940-8800

*Attorneys for Plaintiffs*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii
PRELIMINARY STATEMENT .................................................................................................. 1
BACKGROUND ......................................................................................................................... 2
LEGAL STANDARD .................................................................................................................. 4
ARGUMENT ............................................................................................................................... 4
    I.    PARAGRAPHS 1–429 OF THE 56.1 REPLY
          SHOULD BE STRICKEN IN THEIR ENTIRETY ..................................................... 4
    II.   MOST PARAGRAPHS OF THE 56.1 REPLY
          SHOULD BE STRICKEN OR, AT A MINIMUM,
          DISREGARDED BY THE COURT ............................................................................ 6
    III.  TWO UNSUPPORTED SENTENCES IN THE *DAUBERT* REPLY
          SHOULD BE STRICKEN OR DISREGARDED ........................................................ 10
CONCLUSION ........................................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Page**

**CASES**

*Abraham v. Town of Huntington*,
   No. 217CV03616ADSSIL, 2018 WL 2304779 (E.D.N.Y. May 21, 2018) .......................... 4, 10

*Adams v. Bloomberg L.P.*,
   No. 20CV7724RAJLC, 2023 WL 2662607 (S.D.N.Y. Mar. 28, 2023) ..................................... 5

*Adidas Am., Inc. v. Thom Browne, Inc.*,
   No. 21-CV-5615 (JSR), 2022 WL 17736799 (S.D.N.Y. Dec. 16, 2022) .................................. 5

*Amalgamated Lithographers of Am. v. Unz & Co. Inc.*,
   670 F. Supp. 2d 214 (S.D.N.Y. 2009) .................................................................................. 6, 7

*Arthur v. Orchestrate Bus. LLC*,
   No. 24-CV-02985 (MMG), 2025 WL 2201067 (S.D.N.Y. Aug. 1, 2025) .............................. 11

*Cap. Recs., LLC v. Vimeo, LLC*,
   No. 09-CV-10101 (RA), 2018 WL 4659475 (S.D.N.Y. Sept. 10, 2018) ............................ 5, 10

*Churaman-Jadoo v. Daniels*,
   No. 23-CV-08482 (JMA) (LGD), 2025 WL 2614943 (E.D.N.Y. Sept. 10, 2025) ................. 11

*G.S. v. Pleasantville Union Free Sch. Dist.*,
   No. 19-CV-6508 (CS), 2020 WL 4586895 (S.D.N.Y. Aug. 10, 2020) ..................................... 5

*Goldstick v. The Hartford, Inc.*,
   No. 00 Civ. 8577(LAK), 2002 WL 1906029 (S.D.N.Y. Aug. 19, 2002) ................................. 7

*Griffin v. Sheeran*,
   767 F. App'x 129 (2d Cir. 2019) ........................................................................................... 11

*In re Gushlak*,
   No. 11-MC-0218 (NGG) (JO), 2012 WL 2564466 (E.D.N.Y. Jan. 30, 2012) ....................... 11

*In re Term Commodities Cotton Futures Litig.*,
   No. 12-CV-5126 (ALC), 2020 WL 5849142 (S.D.N.Y. Sept. 30, 2020) ............................ 7, 8

*INS v. Phinpathya*,
   464 U.S. 183 (1984) ............................................................................................................... 11

*Invitrogen Corp. v. Clontech Lab'ys, Inc.*,
   429 F.3d 1052 (Fed. Cir. 2005) ............................................................................................... 8

*Kulhawik v. Holder*,
   571 F.3d 296 (2d Cir. 2009) .................................................................................................. 11

*Nat'l Coal. on Black Civic Participation v. Wohl*,
   661 F. Supp. 3d 78 (S.D.N.Y. 2023) ................................................................................. 4, 10

*Skoczylas v. United States*,
  906 F. Supp. 2d 161 (E.D.N.Y. 2012) ............................................................................... 5

*Walker v. Carrozzo*,
  664 F. Supp. 3d 490 (S.D.N.Y. 2023) ............................................................................... 5

**OTHER AUTHORITIES**

Commodity Exchange Act ............................................................................................... 2, 9

Sherman Act ..................................................................................................................... 2, 9

**RULES**

Federal Rule of Civil Procedure 56(c)(2) ............................................................................ 9

SDNY Local Civil Rule 56.1 .................................................................................... passim

Plaintiffs Glencore Ltd. and Viterra B.V. (f/k/a Glencore Grain B.V.) (collectively, "Plaintiffs") respectfully submit this Memorandum of Law in Support of Their Motion to Strike or Disregard Specific Portions of Defendants' (1) Reply and Objections to Plaintiffs' Response to Defendants' Local Rule 56.1 Statement (ECF No. 159) (the "56.1 Reply") and (2) Reply in Support of Defendants' Motion to Exclude Opinions and Testimony of Glen Donaldson, PhD (ECF No. 156) (the "*Daubert* Reply").

## PRELIMINARY STATEMENT

As shown below, the 56.1 Reply is improper in two fundamental respects. Accordingly, many if not most of its paragraphs should be stricken or, at a minimum, disregarded by this Court.

First, case law in this district recognizes that Local Civil Rule 56.1 does not permit a party moving for summary judgment to submit a reply in further support of the purportedly undisputed material facts set forth in the moving party's initial Rule 56.1 Statement. Instead, the moving party is limited on reply to responding to the *additional* material facts set forth in the opposing party's counter-statement. For that reason, paragraphs 1–429 in Defendants' 56.1 Reply are entirely improper, as they expressly reply to the Defendants' initial Rule 56.1 Statement. These paragraphs should therefore be stricken.

Second, courts in this district have stricken argumentative material even from otherwise appropriate Rule 56.1 Statements, which are required to consist of "a separate, short, and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." Local Civil Rule 56.1(a). The 56.1 Reply is riddled with complex legal arguments and extensive citations to case law, much of it included to bolster the arguments set forth in Defendants' summary judgment and *Daubert* briefs.

For example, Defendants attempt to use their 56.1 Reply to shore up the unsubstantiated position in their briefs that as a matter of law, a plaintiff suing under the Commodity Exchange

Act ("CEA") or Sherman Act cannot prove its case without presenting an expert's opinion on the quantity of deliverable supply—even when all parties and regulators agree that deliverable supply was tight, and Defendants repeatedly represented to ICE Futures U.S. ("ICE") that they could not satisfy their needs for physical cotton in the cash market. *See* 56.1 Reply ¶¶ 453-454, 464-465, 528, 684-686, 688, 693-694, 696-700, 705, 707-713, 716-717.

In addition to the extensive argumentative assertions in their 56.1 Reply regarding deliverable supply, Defendants use the 56.1 Reply in other places (including 197 footnotes citing case law) to elaborate upon and advance their positions regarding expert testimony and numerous other issues. By contrast, Plaintiffs' Rule 56.1 counter-statement concisely states objections to the admissibility of certain documents and testimony offered by Defendants, but Plaintiffs (properly, and unlike Defendants) do not use their Rule 56.1 submission as a supplementary legal brief. Instead, Plaintiffs have expressly reserved their right to file motions *in limine* at the appropriate time.

Two specific sentences in the *Daubert* Reply should also be stricken or, at a minimum, disregarded in the Court's consideration of Defendants' motion to exclude the opinions of Professor Glen Donaldson. As shown below, courts in this district do not consider unsupported and/or unfounded factual statements, which are often stricken from (or disregarded in) Rule 56.1 statements and memoranda. The unsupported statements in the *Daubert* Reply cannot provide the Court with any basis to exclude Donaldson's opinions, and should be stricken or disregarded.

## BACKGROUND

On September 16, 2025, Defendants filed reply papers in support of their motion for summary judgment and their motions to exclude all four of Defendants' experts. These filings included the 56.1 Reply and the *Daubert* Reply.

2

The 56.1 Reply included Defendants' "replies" to Plaintiffs' responses to paragraphs 1-429 of Defendants' original Local Civil Rule 56.1 Statement of Undisputed Material Facts, as well as responses to Plaintiffs' additional material facts in paragraphs 430–820. The 56.1 Reply also contained substantial legal argument, including 199 footnotes of which 197 contain citations to case law. *See* 56.1 Reply ¶¶ 50, 56, 65-68, 72-75, 80-91, 94-95, 98, 105, 108, 131, 133, 141, 147-149, 152, 156, 158-161, 174-176, 179, 191, 201-202, 208-209, 211-215, 217, 220-228, 232, 247-248, 264, 297-298, 301-305, 326, 332-333, 337, 353-354, 359-363, 365-367, 374, 414-419, 422-424, 427-428, 431, 452, 453-454, 457, 459, 461, 464-465, 472, 476, 478-479, 494, 510, 513, 521, 526, 528, 556-557, 575, 584, 594, 618-619, 621, 633, 641, 647, 649, 654-658, 660, 662-667, 673, 676, 682-686, 688, 694, 696-700, 705, 707-710, 712-713, 716-717, 722, 768, 772, 785-787, 789, 792-794, 796, 798-800, 802, 804, 809-811, 814, 816-820 & nn.2-139, 141-199.

In addition, the *Daubert* Reply contains certain factual assertions—not supported by any citations to the record—in support of Defendants' motion to exclude the opinions of Professor Donaldson. Specifically, Defendants assert that "LDC did not ▮▮▮▮▮▮▮▮▮▮▮▮; its expert simply ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"; and that "LDC's expert team took a completely appropriate and uncontroversial step—▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." *Daubert* Reply at 1, 4-5 (emphasis in original). These factual assertions are not accompanied by any citations to the record. That is not an oversight. Nothing in the evidentiary record supports these assertions of Defendants' counsel.

On September 26, 2025, in accordance with the Court's Individual Practices, Plaintiffs submitted a pre-motion letter, to which Defendants responded on October 1, 2025.

3

(ECF Nos. 170; 173.) On October 21, 2025, the Court ordered a briefing schedule for Plaintiffs' anticipated motion to strike. (ECF No. 189.) This motion followed.

## LEGAL STANDARD

Local Civil Rule 56.1(b) requires the party opposing a motion for summary judgment to "include a correspondingly numbered paragraph admitting or denying, and otherwise responding to, each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." Section 2E of this Court's Individual Practices provides that "[i]f additional factual allegations are made by the opponent, the moving party must file a responsive 56.1 Statement addressing the additional assertions." The Court's Individual Practices make no provision for a reply statement from the moving party in further support of the facts asserted in its initial Rule 56.1 statement.

Where a party "fail[s] to provide any citations to the record, or the citations provided do not provide guidance for the Court," such factual assertions can be disregarded or stricken. *See Nat'l Coal. on Black Civic Participation v. Wohl*, 661 F. Supp. 3d 78, 106-07 (S.D.N.Y. 2023) (collecting cases); *see also Abraham v. Town of Huntington*, No. 217CV03616ADSSIL, 2018 WL 2304779, at *5 (E.D.N.Y. May 21, 2018) (excluding portions of motion-to-dismiss opposition brief that contain unsupported factual assertions, and assertions supported only by inadmissible evidence).

## ARGUMENT

### I. PARAGRAPHS 1–429 OF THE 56.1 REPLY SHOULD BE STRICKEN IN THEIR ENTIRETY

Because Local Civil Rule 56.1 does not provide for a reply statement from the party moving for summary judgment, "courts provided such filings have regularly disregarded them."

*Walker v. Carrozzo*, 664 F. Supp. 3d 490, 501 n.1 (S.D.N.Y. 2023) (citations omitted). Indeed, "Local Rule 56.1 does not permit the filing of reply Rule 56.1 Statements[,] which have been viewed as 'a procedurally improper attempt to have the last word in a manner that is not contemplated by the local rules.'" *G.S. v. Pleasantville Union Free Sch. Dist.*, No. 19-CV-6508 (CS), 2020 WL 4586895, at *1 n.2 (S.D.N.Y. Aug. 10, 2020) (citations omitted).

Although this Court's Individual Practices require Defendants to respond to the *additional* material facts offered by Plaintiffs in opposition to summary judgment (paragraphs 430–820), Defendants were not authorized to submit a reply in further support of their allegedly undisputed facts asserted in paragraphs 1–429 of their initial Rule 56.1 statement.

Defendants rely upon *Adams v. Bloomberg L.P.*, No. 20CV7724RAJLC, 2023 WL 2662607 (S.D.N.Y. Mar. 28, 2023), but in that case, unremarkably, the moving party was granted leave to file a **response to additional facts** offered by the non-moving party, just as Section 2E of this Court's Individual Practices requires. *Id.* at *2 ("[C]ourts in this district have previously permitted reply 56.1 statements" where "the non-movant's Rule 56.1 responses **appeared to raise new facts** not responsive to the movant's original Rule 56.1 statement") (emphasis added) (citing *Adidas Am., Inc. v. Thom Browne, Inc.*, No. 21-CV-5615 (JSR), 2022 WL 17736799, at *3 (S.D.N.Y. Dec. 16, 2022); *Skoczylas v. United States*, 906 F. Supp. 2d 161, 166 (E.D.N.Y. 2012); and *Cap. Recs., LLC v. Vimeo, LLC*, No. 09-CV-10101 (RA), 2018 WL 4659475, at *1 (S.D.N.Y. Sept. 10, 2018)). None of these decisions allowed a moving party to bolster or elaborate upon the facts stated in its initial Rule 56.1 statement.

In their letter to the Court opposing the filing of this motion (ECF No. 173), Defendants questioned in a footnote whether courts in this district should continue to follow the rule that reply submissions by the moving party in further support of its stated facts are prohibited. Defendants

5

asserted that the rule "makes little sense, as the moving party is generally entitled to the last word." (ECF No. 173 at 1-2 n.1.)  They did not, however, provide any authority permitting a reply in further support of the moving party's initial set of facts.  This Court did not retreat from the rule prohibiting replies to Rule 56.1 Statements.  The Court should strike paragraphs 1–429 of the 56.1 Reply in their entirety.

## II. MOST PARAGRAPHS OF THE 56.1 REPLY SHOULD BE STRICKEN OR, AT A MINIMUM, DISREGARDED BY THE COURT

Apart from the deficiencies set forth above in Section I, most paragraphs of the 56.1 Reply should be stricken, or at least disregarded, based on the fact that they are comprised of impermissible legal argument, including 199 footnotes, 197 of which cite case law.  *See* 56.1 Reply ¶¶ 50, 56, 65-68, 72-75, 80-91, 94-95, 98, 105, 108, 131, 133, 141, 147-149, 152, 156, 158-161, 174-176, 179, 191, 201-202, 208-209, 211-215, 217, 220-228, 232, 247-248, 264, 297-298, 301-305, 326, 332-333, 337, 353-354, 359-363, 365-367, 374, 414-419, 422-424, 427-428, 431, 452, 453-454, 457, 459, 461, 464-465, 472, 476, 478-479, 494, 510, 513, 521, 526, 528, 556-557, 575, 584, 594, 618-619, 621, 633, 641, 647, 649, 654-658, 660, 662-667, 673, 676, 682-686, 688, 694, 696-700, 705, 707-710, 712-713, 716-717, 722, 768, 772, 785-787, 789, 792-794, 796, 798-800, 802, 804, 809-811, 814, 816-820 & nn.2-139, 141-199.

Such extensive and detailed argument has no place in the required "separate, short, and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried."  Local Civil Rule 56.1(a).  This argumentative content should be stricken in its entirety.  *See Amalgamated Lithographers of Am. v. Unz & Co. Inc.*, 670 F. Supp. 2d 214, 217 (S.D.N.Y. 2009) (striking Rule 56.1 filing *sua sponte* because "for the most part, it is legal argument"); *Goldstick v. The Hartford, Inc.*, No. 00 Civ. 8577(LAK), 2002

WL 1906029, at *1 (S.D.N.Y. Aug. 19, 2002) (striking argumentative material from plaintiff's Rule 56.1 statement).

It bears noting that, in the related Class Action, the Court chastised Defendants for similarly "fail[ing] to adhere to Local Civil Rule 56.1" by, *inter alia*, submitting a Rule 56.1 statement that was "not limited to *facts* as to which it is contended that no triable issue exists[,] instead containing legal arguments and matters that are often redundant of one another and are clearly disputed in this litigation." *In re Term Commodities Cotton Futures Litig.*, No. 12-CV-5126 (ALC), 2020 WL 5849142, at *2 n.2 (S.D.N.Y. Sept. 30, 2020) (emphasis in original) (internal quotation marks omitted).

To the extent Defendants use the 56.1 Reply to make legal arguments or bolster positions asserted in their summary judgment or *Daubert* briefs, that is improper. *See Amalgamated Lithographers*, 670 F. Supp. 2d at 217; *Goldstick*, 2002 WL 1906029, at *1. For example, Defendants' responses to paragraphs 430–820 repeatedly argue that as a (purported) matter of law, Plaintiffs are required to have an expert provide an opinion as to the quantity of cotton available for delivery, as an element of their CEA claim and claims for monopolization and attempted monopolization under the Sherman Act. *See* 56.1 Reply ¶¶ 453-454, 464-465, 528, 684-686, 688, 693-694, 696-700, 705, 707-713, 716-717.

As set forth in Plaintiffs' memorandum in opposition to summary judgment, no case requires quantification of deliverable supply (through expert testimony or otherwise) as an element of a claim under either the CEA or Sherman Act, and there is abundant documentary evidence that ICE and numerous market participants, **including Defendants,** acknowledged contemporaneously that there was a dearth of deliverable supply. (ECF No. 138 at 9-10, 13, 16-17, 29-32.) It is disingenuous for Defendants to take such a position, especially on this evidentiary record—in

7

which documents show that LDC itself argued to ICE that deliverable supply was low relative to LDC's own claimed needs for cotton, and that ICE and industry publications repeatedly acknowledged a "current shortage of deliverable supplies[.]" (*Id.*)

Defendants' repeated citations (56.1 Reply ¶¶ 431, 696, 699-700, 707) to *Invitrogen Corp. v. Clontech Lab'ys, Inc.*, 429 F.3d 1052, 1068 (Fed. Cir. 2005), a patent litigation involving highly technical questions about a genetically modified enzyme involved in DNA replication, are wholly inapposite. Here, Plaintiffs intend to present the jury basic arithmetic using USDA and LDC data upon which Defendants' experts (in particular, Professor Hudson and Dr. James A. Overdahl) relied, in order to estimate deliverable supply throughout the relevant period, assuming that is even necessary, which Plaintiffs do not concede. This elementary arithmetical exercise requires no expertise whatsoever. It only requires starting with USDA's total supply of upland cotton, first subtracting recognized categories such as export sales and domestic use, then following Professor Hudson's own publication and analysis by subtracting cotton owned by LDC, cotton produced in particular states, and cotton of particular quality specifications that (according to Professor Hudson) make it unlikely to be delivered.

Such arithmetic has been done here by counsel, who can repeat it during summation. No expertise is needed. Defendants do not (and cannot) argue that the USDA and LDC data relied upon by their own experts is unreliable, miscategorized, or mischaracterized by Plaintiffs in their summary judgment opposition papers. To the extent Defendants wish to argue—just as they argued in the Class Action, *see Term Commodities*, 2020 WL 5849142, at *16—that only sales that "constitute an irrevocable commitment of cotton" should be subtracted from the tally (56.1 Reply ¶ 694), they can argue that to the jury, if they have a basis.[1] There is no reason under

---

[1] Defendants have not defined what "an irrevocable commitment" means in the context of a profit-driven commercial market.

8

the CEA, Sherman Act, the Federal Rules of Civil Procedure, or the Federal Rules of Evidence why the jury may not be informed about how USDA and LDC data which is already in the record relates to deliverable supply.

Defendants' 197 footnotes citing case law and many in-text legal arguments expand upon their briefed positions not just regarding deliverable supply, but also expert testimony and other issues.  By contrast, in their Rule 56.1 counter-statement, Plaintiffs concisely state their evidentiary objections to inadmissible documents and testimony.  Plaintiffs do so pursuant to Federal Rule of Civil Procedure 56(c)(2), solely to identify for the Court inadmissible evidence that is not a proper basis for Defendants' motion for summary judgment.  Plaintiffs do not cite case law or otherwise develop, advance, or elaborate upon their anticipated legal arguments against admissibility.  To the contrary, Plaintiffs have expressly reserved the right to file motions *in limine* at the appropriate time.  (ECF No. 138 at 3 n.2; ECF No. 140 at 1.)

In sum, (i) Defendants' submission of a procedurally improper "reply" warrants striking their reply to paragraphs 1–429 in their entirety, and (ii) their inclusion of extensive and impermissible legal argument warrants striking the argumentative responses to paragraphs 50, 56, 65-68, 72-75, 80-91, 94-95, 98, 105, 108, 131, 133, 141, 147-149, 152, 156, 158-161, 174-176, 179, 191, 201-202, 208-209, 211-215, 217, 220-228, 232, 247-248, 264, 297-298, 301-305, 326, 332-333, 337, 353-354, 359-363, 365-367, 374, 414-419, 422-424, 427-428, 431, 452, 453-454, 457, 459, 461, 464-465, 472, 476, 478-479, 494, 510, 513, 521, 526, 528, 556-557, 575, 584, 594, 618-619, 621, 633, 641, 647, 649, 654-658, 660, 662-667, 673, 676, 682-686, 688, 694, 696-700, 705, 707-710, 712-713, 716-717, 722, 768, 772, 785-787, 789, 792-794, 796, 798-800, 802, 804, 809-811, 814, and 816-820, as well as footnotes 2-139 and 141-199.  At a minimum, the Court

should disregard these paragraphs and responses as it considers Defendants' motion for summary judgment.

Striking (or at least disregarding) all of these improper paragraphs and responses is the most appropriate remedy from the perspective of judicial economy and to enforce the rules of summary judgment practice. However, should the Court decline to strike them in their entirety, Plaintiffs respectfully request that, as a matter of equal treatment, Plaintiffs be granted leave to file their own "reply" to Defendants' responses to Plaintiffs' Counter-Statement of Additional Material Facts (paragraphs 430–820), as another court in this district has ordered. *See Capital Records*, 2018 WL 4659475, at *1 (granting party opposing summary judgment leave to submit either (a) reply in further support of its own facts or (b) sur-reply to moving party's reply).

### III. TWO UNSUPPORTED SENTENCES IN THE *DAUBERT* REPLY SHOULD BE STRICKEN OR DISREGARDED

Plaintiffs also move to strike two unsupported statements of putative fact made by Defendants' counsel in the *Daubert* Reply. These statements—the two full sentences containing "LDC did not '█████████████████████████████████████████████████████████████████████' " (at 1) and "LDC's expert team took a completely appropriate and uncontroversial step . . . ██████████████████████████████████████████████████" (at 4-5)—purport to show that Defendants did not ███████████████████████████████████████████████. However, these assertions are unsupported by any evidence or record citation, making them unsuitable for judicial consideration. *See National Coalition on Black Civic Participation*, 661 F. Supp. 3d at 106-07; *Abraham*, 2018 WL 2304779, at *5.

Nowhere in the *Daubert* Reply or any accompanying declaration have Defendants offered any evidentiary foundation for these factual assertions, whether in the form of a declaration of a witness with personal knowledge, or through other record evidence. Since "[a]n attorney's

10

unsworn statements in a brief are not evidence," *Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009) (per curiam) (citing *INS v. Phinpathya*, 464 U.S. 183, 188-89 n.6 (1984)), these two sentences should play no part in the Court's consideration of Defendants' *Daubert* motion against Professor Donaldson. *See Griffin v. Sheeran*, 767 F. App'x 129, 133 (2d Cir. 2019) ("[T]he District Court erroneously relied on Defendants' [unsworn] assertions" in deciding motion to intervene was untimely) (citing *Kulhawik*, 571 F.3d at 298); *Churaman-Jadoo v. Daniels*, No. 23-CV-08482 (JMA) (LGD), 2025 WL 2614943, at *4 (E.D.N.Y. Sept. 10, 2025) (granting partial dismissal and noting, "Plaintiff's counsel asserts these new facts in Plaintiff's opposition for the first time with no declaration, affirmation, or affidavit to accompany them. They therefore have no evidentiary value and do not warrant consideration by the Court.") (citing *Kulhawik*, 571 F.3d at 298); *Arthur v. Orchestrate Bus. LLC*, No. 24-CV-02985 (MMG), 2025 WL 2201067, at *5 (S.D.N.Y. Aug. 1, 2025) (similar); *In re Gushlak*, No. 11-MC-0218 (NGG) (JO), 2012 WL 2564466, at *9 (E.D.N.Y. Jan. 30, 2012) (in Section 1782 proceeding, "To the extent the Applicant's memorandum includes references . . . that are unsupported by sworn statements, I disregard those allegations[.]").

Defendants' failure to support the factual assertions in these two sentences warrants striking them from the *Daubert* Reply or, at a minimum, disregarding them. These unsupported statements provide no basis for the Court to exclude the opinions of Professor Donaldson.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court strike, or at least disregard: (i) paragraphs 1-429, 431, 452, 453-454, 457, 459, 461, 464-465, 472, 476, 478-479, 494, 510, 513, 521, 526, 528, 556-557, 575, 584, 594, 618-619, 621, 633, 641, 647, 649, 654-658, 660, 662-667, 673, 676, 682-686, 688, 694, 696-700, 705, 707-710, 712-713, 716-717, 722, 768, 772, 785-787, 789, 792-794, 796, 798-800, 802, 804, 809-811, 814, and 816-820, and footnotes

11

2-139 and 141-199 from the 56.1 Reply; and (ii) the above-quoted two sentences from the *Daubert* Reply.

Dated: November 4, 2025
      New York, New York

                                   KATTEN MUCHIN ROSENMAN LLP

By:   /s/ *Eliot Lauer*
      Eliot Lauer
      Jacques Semmelman
      Julia B. Mosse
      Nathaniel Ament-Stone
      50 Rockefeller Plaza
      New York, New York 10020
      T: (212) 940-8800
      F: (212) 940-8776
      eliot.lauer@katten.com
      jacques.semmelman@katten.com
      julia.mosse@katten.com
      nathaniel.ament-stone@katten.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE WITH LOCAL CIVIL RULE 7.1(C)

Pursuant to Local Civil Rule 7.1(c), I hereby certify that this Memorandum contains 3,443 words, which complies with the word-count limitation.

DATED: November 4, 2025

/s/ Nathaniel Ament-Stone
Nathaniel Ament-Stone

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, Nathaniel Ament-Stone, hereby certify that on November 4, 2025, I caused a copy of the foregoing Plaintiffs' Memorandum of Law in Support of Their Motion to Strike or Disregard Specific Portions of Defendants' (1) Reply and Objections to Plaintiffs' Response to Defendants' Local Rule 56.1 Statement (ECF No. 159) and (2) Reply in Support of Defendants' Motion to Exclude Opinions and Testimony of Glen Donaldson, PhD (ECF No. 156) to be served upon counsel for Defendants named below by ECF and electronic mail:

>Peter A. Bicks (pbicks@orrick.com)
>Darrell S. Cafasso (dcafasso@orrick.com)
>Harry F. Murphy (hmurphy@orrick.com)
>Kim B. Goldberg (kgoldberg@orrick.com)
>Alyssa Barnard-Yanni (abarnard-yanni@orrick.com)
>ORRICK, HERRINGTON & SUTCLIFFE
>51 West 52nd Street
>New York, NY 10019-6142

DATED: November 4, 2025

>*/s/ Nathaniel Ament-Stone*
>Nathaniel Ament-Stone

14